# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 02-48V
Filed: June 13, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SHERYL SCHWARTZ, mother and natural guardian of A.S., a minor,            Petitioner, <br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>           Respondent. | Autism; Petitioners' Motion for a Decision Dismissing the Insufficient Petition; Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clifford J. Shoemaker, Esq., Shoemaker and Associates, Vienna, VA, for petitioner.
Traci R. Patton, Esq., United States Dep't of Justice, Washington, DC, for respondent.

## DECISION[1]

**Vowell,** Chief Special Master:

On January 17, 2002, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that various vaccinations injured her minor child A.S. The information in the record, however, does not show entitlement to an award under the Program.

On June 11, 2014, petitioner moved for a decision on the merits of the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

To receive compensation under the Program, petitioner must prove either 1) that A.S. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of A.S.'s vaccinations, or 2) that A.S. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that A.S. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that A.S.'s alleged injury was vaccine-caused.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that A.S. suffered a "Table Injury" or that A.S.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                              **s/ Denise K. Vowell**
                                              Denise K. Vowell
                                              Chief Special Master